UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KEVIN PARKER,<br><br>          Plaintiff,<br><br>     v.<br><br>R.T.C. GROUNDS, Warden, et al,<br><br>          Defendants. | No.  2:14-cv-1789 AC P<br><br><br>ORDER TO SHOW CAUSE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 3, 2015, the court issued an order directing petitioner to file documents related to his state habeas proceedings or a statement indicating he has no responsive documents.  ECF No. 21.  This order was served on petitioner's address of record and was returned by the postal service.  The order was twice re-served on petitioner and was returned as undeliverable each time.  The court also notes that an online search for petitioner's name in the California Department of Corrections and Rehabilitation's inmate locator service returned no search results, indicating that petitioner may no longer be in custody even though his current address of record is at Salinas Valley State Prison.  See http://inmatelocator.cdcr.ca.gov/.[1]  This information suggests that petitioner has

---

[1] The court takes judicial notice of the information contained on the California Inmate Locator (continued…)

1

failed to update this court with his current address as required by Local Rule 183(b).

Petitioner is warned that his failure to prosecute this action or his failure to comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules will result in a recommendation that his entire action be involuntarily dismissed with prejudice. Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall show cause, in writing, within 30 days after the filing date of this order, why this case should not be dismissed for failure to prosecute; and

2. Failure to respond to this court order will result in a recommendation that this case be involuntarily dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: December 15, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

Website. See Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) (noting that the court may take judicial notice of matters of public record).