UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KEVIN PARKER, | No. 2:14-cv-1789 AC P |
| Petitioner, | |
| v. | ORDER |
| R.T.C. GROUNDS, Warden, et al, | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner has consented to the jurisdiction of the magistrate judge. ECF No. 4. On September 26, 2014, respondent filed a motion to dismiss the instant petition as untimely and unexhausted. ECF No. 14. When petitioner initially failed to respond to the motion after more than thirty days, the court directed petitioner to show cause why respondent's motion to dismiss should not be granted. ECF No. 16. Petitioner thereafter filed a request for additional time to oppose respondent's motion, ECF No. 17, which the court granted, ECF No. 18. Petitioner's opposition was filed on April 7, 2015.[1] ECF No. 19. On May 6, 2015, respondent filed a reply. ECF No. 20.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

On September 3, 2015, the court issued an order directing petitioner to file documents related to his state habeas proceedings or a statement indicating that he has no responsive documents. ECF No. 21. This order was served on petitioner's address of record and was returned by the postal service. The order was twice reserved on petitioner and was returned as undeliverable each time, suggesting that petitioner had failed to update the court with his current address as required by Local Rule 183(b).

On December 16, 2015, the undersigned issued an order to show cause why petitioner's case should not be dismissed for lack of prosecution.[2] ECF No. 22 at 2. Petitioner was warned that failure to respond to the court's order would result in dismissal of his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Id. On January 8, 2016, the court's December 16, 2015 order was returned by the postal service as undeliverable. To date, petitioner has not filed a notice of change of address or otherwise responded to the court's recent orders.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.[3] See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

---

[2] In the December 16, 2015 order, the court noted that an online search for petitioner's name in the California Department of Corrections and Rehabilitation's inmate locator service returned no search results, indicating that petitioner may no longer be in custody even though his address of record was Salinas Valley State Prison. See ECF No. 22 at 1-2.

[3] Rule 41(b) provides, in part: "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b).

1 habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.
2 See E.D. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any
3 order of the Court may be grounds for imposition by the Court of any and all sanctions authorized
4 by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing
5 that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local
6 Rules, and other applicable law may support, among other things, dismissal of that party's
7 action).

8 A court must weigh five factors in determining whether to dismiss a case for failure to
9 prosecute, failure to comply with a court order, or failure to comply with a district court's local
10 rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

14 Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.
15 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that
16 "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a
17 way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.
18 Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

19 Although involuntary dismissal can be a harsh remedy, on balance the five relevant
20 factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal
21 of this action.  Petitioner's failure to update the court with his current address has prevented the
22 court from communicating with petitioner for the past six months.  Petitioner's failure to respond
23 to the court's recent orders and failure to provide the court with a current address, strongly
24 suggest that petitioner has abandoned this action or is not interested in seriously prosecuting it.
25 See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in
26 expeditious resolution of litigation always favors dismissal.").  Any further time spent by the
27 court on this case, which petitioner has demonstrated a lack of any serious intention to pursue,
28 will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963

1    F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without
2    being subject to noncompliant litigants).

3    In addition, the third factor, which considers prejudice to a defendant, should be given
4    some weight. See Ferdik, 963 F.2d at 1262.  Here, respondent has expended resources in filing a
5    motion to dismiss and responding to petitioner's opposition.  At a minimum, respondent has been
6    prevented from attempting to resolve this case on the merits by petitioner's unreasonable delay in
7    prosecuting this action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re
8    Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

9    The fifth factor, which considers the availability of less drastic measures, also supports
10   dismissal of this action.  As noted above, the court has actually pursued remedies that are less
11   drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132
12   (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually
13   tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S.
14   819 (1988).  The court excused petitioner's initial failure to oppose respondent's motion to
15   dismiss, and granted petitioner's subsequent request for an extension of time to file an opposition.
16   When petitioner failed to respond to the court's September 3, 2015 order, the court granted
17   petitioner an opportunity to explain his failure to prosecute the instant civil action.  Moreover, the
18   court warned petitioner in clear terms that his failure to respond would result in a
19   recommendation that his action be dismissed.  Warning a petitioner that failure to take steps
20   towards resolution of his or her action on the merits will result in dismissal satisfies the
21   requirement that the court consider the alternatives.  See Ferdik, 963 F.2d at 1262 ("[O]ur
22   decisions also suggest that a district court's warning to a party that his failure to obey the court's
23   order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing
24   Malone, 833 F.2d at 132-33).  Having failed to receive a response from petitioner, or a notice of
25   change of address, the court finds no suitable alternative to dismissal of this action.

26   The court also recognizes the importance of giving due weight to the fourth factor, which
27   addresses the public policy favoring disposition of cases on the merits.  However, for the reasons
28   set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that:

(1) This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and 183(a);

(2) Respondent's motion to dismiss (ECF No. 14) is denied as moot; and

(3) This court declines to issue a certificate of appealabilty.

DATED: March 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE